UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY BOWYER,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 09-319 (RMC) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiffs Gregory Bowyer and Gerald Pennington are African-American firefighters employed by District of Columbia Fire and Emergency Medical Services ("DCFEMS"). On February 19, 2009, they filed a Complaint against the District of Columbia, Dennis Rubin, Chief of DCFEMS, and Gary Palmer, Jr., a Deputy Fire Chief in DCFEMS, alleging violations of the D.C. Whistleblower Protection Act ("D.C. WPA"), D.C. Code § 2-1401.01 *et seq.*, the First Amendement, and 42 U.S.C. § 1981. Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court will grant Defendants motion in part and deny in part.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint does not need detailed factual allegations, a

plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief. *Id.* n.3.

Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 589, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 238 F. Supp. 2d 13, 19 (D.D.C. 2002), *aff'd*, 334 F.3d 61 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original). In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).[1]

---

[1] When faced with a facial challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) – that is, when a defendant argues that the facts alleged in the complaint are insufficient to confer subject matter jurisdiction upon the court – the Court applies substantially the same standard of review that is used to evaluate Federal Rule of Civil Procedure 12(b)(6) motions. *See Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999); *see also Macharia*, 238 F. Supp. 2d at 19 ("On a [12(b)(1)] motion to dismiss a case that presents such a 'facial challenge,' a court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable

The Court agrees with Defendants, and Plaintiffs concede, that Count I, alleging violations of the D.C. WPA must be dismissed with respect to Mr. Rubin and Mr. Palmer. *See Williams v. Johnson*, 537 F. Supp. 2d 141, 148 (D.D.C. 2008) (finding that "the WPA does not create a private right of action against individual supervisors."); *Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 189 (D.D.C. 2007) (same). Similarly, Plaintiffs concede that they may not seek punitive damages from the District of Columbia and that any claims against the District of Columbia arising from actions predating June 30, 2008, are barred because Plaintiffs failed to comply with D.C. Code § 12-309, which requires a plaintiff to notify the Mayor within six months of the injury complained of prior to filing a lawsuit against the District. As to all other counts, Plaintiffs have alleged facts which, if true, would entitle them to relief. Accordingly, Defendants' motion to dismiss will be granted in part and denied in part. A memorializing order accompanies this Memorandum Opinion.

Date:  October 14, 2009                                  /s/
                                                        ROSEMARY M. COLLYER
                                                        United States District Judge

---

inferences from those allegations in the plaintiff's favor.")