## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY BOWYER**, *et al.*,<br><br>　　　**Plaintiffs,**<br><br>　　　v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)　　**Civil Action No. 09-319(RMC)**<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' AMENDED MOTION FOR RELIEF

Plaintiffs Gregory Bowyer and Gerald Pennington, by and through the undersigned counsel, submit this Amended Motion for Relief ("Motion") pursuant to Fed. R. Civ. P. 60(b).  As grounds for this Motion, Plaintiffs state the following:

　　　1.　　On February 19, 2009, Plaintiffs filed a Complaint against the District of Columbia, Dennis Rubin and Gary Palmer, Jr., alleging, *inter alia*, violations of the D.C. Whistleblower Protection Act ("D.C. WPA").

　　　2.　　Defendants thereafter moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which motion this Court granted in part and denied in part.

　　　3.　　By Order dated October 14, 2009, the Court dismissed Plaintiffs' D.C. WPA claims with respect to defendants Dennis Rubin and Gary Palmer, Jr.  Additionally, the Court, citing Plaintiffs' failure to comply with D.C. Code § 12-309 (requiring a claimant to provide notice to the Mayor within six months of the injury complained of prior to filing a lawsuit against the District), barred Plaintiffs' claims arising from actions predating June 30, 2008.

4.      The Whistleblower Protection Amendment Act of 2009, which became effective March 5, 2010, rendered the notice requirement of D.C. Code § 12-309 inapplicable to DCWPA actions.

5.      Consistent with established law concerning retroactive application of statutory amendments, the Whistleblower Protection Amendment Act of 2009 provision rendering D.C. Code § 12-309 inapplicable to DCWPA claims has been held to apply, and should be held to apply here, retroactively.

6.      Plaintiff respectfully refers this Court to its Memorandum of Points and Authorities in Support of this Motion and Proposed Order.

7.      Pursuant to Local Rule 7(m), on February 15, 2011 Plaintiffs' counsel conferred with Defendants, via email, regarding the relief requested herein.  Defendants did not consent to Plaintiffs' motion.  As such, Plaintiffs anticipate that this will be a contested matter and that Defendants will file an opposition to Plaintiffs' Motion.

8.      On February 24, 2011 Plaintiffs filed "Plaintiffs' Motion for Relief." However, Plaintiffs inadvertently omitted a statement detailing Plaintiffs' attempt to seek Defendants' consent to the relief sought, as is required under Local Rule 7(m).  The instant amended motion is identical to Plaintiffs' original Motion for Relief, except that Plaintiffs have provided a statement in compliance with Local Rule 7(m) as indicated in Paragraph 7, above.

WHEREFORE, Plaintiff respectfully requests that the foregoing Motion be granted, and for this Court to vacate its prior dismissal of Plaintiffs' claims against the District arising from actions predating June 30, 2008 and for all further relief this Court deems just and proper.

Respectfully Submitted,

2

*Richard E. Condit /s/*

Richard E. Condit, D.C. Bar No. 417786
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, DC 20006
Phone: (202) 457-0034 ext. 142
Fax: (202) 457-9855
Email: richardc@whistleblower.org

*Karen J. Gray /s/*

Karen J. Gray, D.C. Bar No. 488760
General Counsel
Government Accountability Project
Phone: (202) 457-0034 ext. 122
Email: kareng@whistleblower.org

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREGORY BOWYER,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-319(RMC) |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR RELIEF

Pursuant to Fed R. Civ. P. 60(b)(6), Plaintiffs , by and through the undersigned counsel, respectfully move this Court to vacate its prior dismissal of Plaintiffs' claims against the District arising from actions predating June 30, 2008 and for all further relief this Court deems just and proper.  As demonstrated below, remedial procedural amendments to statutes are to be applied retroactively to claims that accrued prior to their enactment.  As the provision of the March 2010 amendment to the D.C. Whistleblower Protection Act ("DCWPA") rendering D.C. Code § 12-309 inapplicable to DCWPA claims is procedural, it should, consistent with established law concerning retroactive application of procedural statutory amendments and with established law concerning retroactive application of the specific amendment in question, be applied retroactively to Plaintiffs' claims arising from actions predating June 30, 2008.  Accordingly, Plaintiffs should be permitted to proceed with their DCWPA claims arising from actions predating June 30, 2008.

4

**ARGUMENT**

**I.      Procedural History.**

On February 19, 2009, Plaintiffs Gerald Pennington and Gregory Bowyer filed a

Complaint against the District of Columbia, Dennis Rubin and Gary Palmer, Jr., alleging,

inter alia, violations of the D.C. Whistleblower Protection Act ("DCWPA").  Defendants

thereafter moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which

motion this Court granted in part and denied in part.  This motion to dismiss was in part

based upon Plaintiffs' failure to provide, in accordance with D.C. Code § 12-309, six

months notice to the District prior to filing their DCWPA claims with respect to certain

actions that occurred prior to June 30, 2008.  By Order dated October 14, 2009, the Court,

with Plaintiffs having conceded failure to provide the requisite notice with regard to their

claims arising from actions predating June 30, 2008, held that Plaintiffs' claims arising

from actions predating June 30, 2008 were barred.

On March 5, 2010, the Whistleblower Protection Amendment Act of 2009 became

effective.   Among the amendments enacted was a provision specifying that the notice

requirement imposed by D.C. Code § 12-309 is inapplicable to DCWPA claims.  Since the

passage of this amendment, two D.C. Superior Court Judges have, consistent with

established law concerning retroactive application of procedural statutory amendments to

claims that accrued prior to the amendment's enactment, held that the amendment applied

retroactively to allow complainants to proceed with DCWPA claims that arose in 2006 and

2007.  In light of these developments, Plaintiffs, pursuant to Fed. R. Civ. P. 60, which

authorizes a court to grant relief from any judgment or order for "any ... reason that

justifies relief," seek relief from the Court's October 14, 2009 Order inasmuch as that

Order dismissed their DCWPA claims arising from actions predating June 30, 2008.

## II.     Procedural Amendments Apply Retroactively.

In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the United States Supreme Court discussed retroactive application of statutory amendments in the context of an appeal requiring the Court to determine whether an amendment to Title VII of the Civil Rights Act of 1964 should apply retroactively to a cause of action that accrued prior to the amendment's effective date. The Court noted that, absent conflict with constitutional prohibitions on retroactivity, legislative intent governs. *Landgraf v. USI Film Products, et al.*, 511 U.S. 244, 264 (1994) (*citing Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837-838 (1990)).

The Court in *Landgraf* went on to note that because Congress' intent was unclear as to whether the amendment at issue was to be applied retroactively, it was required to render its decision in light of two, at times seemingly contradictory, principles of statutory construction. The first of these principles is the rule that "a court is to apply the law in effect at the time it renders its decision." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711 (1974). The second is the rule that "Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

Courts in the District of Columbia have reconciled the principles espoused in *Bradley* and *Bowen* by distinguishing between substantive changes to the law and procedural changes. *See Moore v. Agency for Intl. Development, et al.*, 994 F.2d 874, 878-879 (D.C. 1993). Where the amendment effects a change in substantive law, the Bowen presumption controls. *Id.* at 879. Where the change is remedial and does not alter the parties' substantive rights, instead dealing only with procedure or jurisdiction, the rule in Bradley controls. *Id.* Put another way, "where a statute deals only with procedure, prima

6

facie it applies to all actions," including future actions as well as those that have already

accrued or are pending. *Id.* In *Lacek v. Washington Hospital Center Corp.*, 978 A.2d

1194, 1197 (D.C. 2009), the Court, in holding that an amendment to D.C. Code § 16-2802

requiring 90 days notice be given to defendants before filing medical malpractice claims

applied retroactively to a claim that accrued prior to the amendment's passage, noted that

while legislation affecting substantive rights presumptively applies prospectively only,

"where a statute deals only with procedure, prima facie it applies to all actions -- to those

which have accrued or are pending, and to future actions." *Lacek*, at 1197-1198 (*quoting*

*Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 879 (D.C. 1993)). *See also Montgomery v.*

*District of Columbia*, 598 A.2d 162, 166 (D.C. 1991) ("Unless a contrary legislative intent

appears, changes in statute law which pertain only to procedure are generally held to apply

to pending cases.").

     In light of the prevailing legal authority, the question of whether the amendment to

the DCWPA eliminating the notice requirement should apply retroactively to excuse

Plaintiffs' failure to provide six months notice to the District regarding their claims based

upon actions predating June 30, 2008—thus allowing Plaintiffs to proceed with those

claims— depends on whether the amendment was procedural.  As demonstrated below, the

DCWPA amendment was procedural and applies retroactively to Plaintiffs claims.

**III.      The DCWPA Amendment Is Procedural And Applies Retroactively.**

     The amendment to the DCWPA  rendering D.C. Code § 12-309 inapplicable to

DCWPA claims is procedural in nature.  The amendment did nothing to affect the

substantive rights of plaintiffs, whose ability to enforce pre-existing rights under the

DCWPA was unchanged by the amendment.  Nor did the amendment change the

substantive obligations of defendants, whose obligations to refrain from retaliation were

not altered by the amendment.

Pre-filing notice obligations, such as the one eliminated by the DCWPA amendment here, are presumptively procedural and apply retroactively. *Lacek*, at 1198. Furthermore, the legislative history of the DCWPA amendment reveals that the District of Columbia Council viewed and intended the amendment eliminating the notice requirement to be viewed as procedural rather than substantive. *Compare* D.C. Council Committee on Government Operations and Environment, *Report on B. 18-233*, at 6-7 (characterizing various amendments, including the elimination of the § 12-309 notice requirement as the elimination of "procedural barriers.") *with Id.* at 6 (contrasting these amendments with "substantive changes" discussed in the previous section, such as the provision "explicitly prohibit[ing] the practice of retaliating against whistleblowers by subjecting them to fitness examinations or other retaliatory investigations.").

Moreover, the courts of the District of Columbia have found that the DCWPA amendment eliminating the § 12-309 notice requirement applies retroactively to claims that accrued prior to its enactment. In *Cusick v. District of Columbia*, No. 2008-CA-6915 (D.C. Super. Ct.), Senior Judge Braman, relying on *Montgomery* and the cases cited therein and on the amendment's legislative history, ruled that the 2010 amendment abolishing the notice requirement applied to a DCWPA claim that arose in 2007 and was filed in 2008. (Motions Hr'g Tr. 23:11-29:25 & 35:11-12, Aug. 17, 2010, attached and incorporated herein as Exhibit 1). Likewise, in *Davis v. District of Columbia*, No. 2005-CA-8772 (D.C. Super. Ct.), Judge Edelman, relying primarily on *Lacek* and on the amendment's legislative history, held that the DCWPA amendment eliminating the § 12-309 notice requirement is procedural and applied retroactively to claims that accrued in 2006 and were filed in 2007.

8

## CONCLUSION

Because procedural amendments not affecting the substantive rights of parties are
to be applied retroactively to claims that accrued prior the amendment's enactment, and
because the DCWPA amendment eliminating the § 12-309 notice requirement is
procedural, the amendment should be applied retroactively to excuse Plaintiffs' failure to
comply with the § 12-309 notice requirement with respect to their DCWPA claims arising
from actions predating June 30, 2008.  Accordingly, pursuant to Fed. R. Civ. P. 60(b)(6),
Plaintiffs pray for relief from the Court's October 14, 2009 Order to the extent that Order
barred Plaintiffs' DCWPA claims arising out of conduct predating June 30, 2008.

Respectfully submitted,

*Richard E. Condit* /s/

Richard E. Condit, D.C. Bar No. 417786
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 110
Washington, DC 20006
Phone:  (202) 457-0034 ext. 142
Fax:  (202) 457-9855
Email:  richardc@whistleblower.org

*Karen J. Gray* /s/

Karen J. Gray, D.C. Bar No. 488760
General Counsel
Government Accountability Project
Phone:  (202) 457-0034 ext. 122
Email:  kareng@whistleblower.org

Counsel for Plaintiffs