UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY BOWYER, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 09-0319 (BAH)
Judge Beryl A. Howell

# MEMORANDUM OPINION

In this case, two District of Columbia firefighters seek reconsideration of a Court Order barring them from asserting certain Whistleblower claims arising from their criticism of the handling of fire investigations in the District of Columbia, including criticism of the investigation into the 2007 fire that destroyed the Eastern Market, a historic D.C. landmark. The plaintiffs argue that since the date of the Court's Order, an intervening change in law no longer precludes the plaintiffs from litigating their previously dismissed claims. The Court holds that the intervening change in law eliminated a procedural rule, which had been the basis for the dismissal, and therefore grants the plaintiffs' motion to reinstate their previously dismissed claims.

On February 19, 2009, plaintiffs Gregory Bowyer and Gerald Pennington filed a Complaint against the District of Columbia, Dennis Rubin, Chief of the District of Columbia Fire and Emergency Medical Services ("DCFEMS"); and Gary Palmer Jr., Deputy Fire Chief of the DCFEMS, alleging violations of their First Amendment rights, racial discrimination, and retaliation in violation of the D.C. Whistleblower Protection Act (hereinafter "WPA"), D.C.

1

CODE § 1-615.51 *et seq*. Shortly after the plaintiffs filed their Complaint, on March 24, 2009, the defendants filed a motion to dismiss, ECF No. 3, which the Court granted in part and denied in part. Memorandum Opinion and Order, Oct. 14, 2009, ECF Nos. 9-10 (Collyer, J.). The Court dismissed, *inter alia*,[1] any retaliation claims under the WPA contained in Count I of the Complaint[2] that were predicated on retaliatory acts occurring before June 30, 2008 because the plaintiffs failed to provide notice of the claim to the District of Columbia within six months of their injury, as required by D.C. CODE § 12-309.[3] Since the date of that Order, the parties have proceeded with discovery on the plaintiffs' remaining claims. Discovery is scheduled to conclude on September 30, 2011.[4]

On February 24, 2011, sixteen months after the Court dismissed the plaintiffs' WPA claims that predated June 30, 2008, the plaintiffs moved for reconsideration of the dismissal of those claims due to an intervening change in law. Pls.' Amended Mot. for Relief, ECF No. 28. The intervening change of law cited by the plaintiffs is the Whistleblower Protection Amendment Act of 2009, D.C. Act 18-265, which became effective on March 11, 2010. This

---

[1] In its October 14, 2009 Order, the Court also dismissed the plaintiffs' WPA claims against defendants Dennis Rubin and Gary Palmer because the WPA did not create a private right of action against the plaintiffs' individual supervisors; and also struck the plaintiffs' claim for punitive damages, which were not allowed against the District. Memorandum Opinion and Order, Oct. 14, 2009, ECF Nos. 9-10 (Collyer, J.).

[2] Count I of the Complaint incorporates "each of the allegations stated in paragraphs 1 through 49." Compl. ¶ 50. While the Court's October 14, 2009 dismissal Order does not specify the paragraphs dismissed from Count I, the allegedly retaliatory actions held to be time-barred are described in paragraphs 18 through 22, and 29 through 37.

[3] The pre-suit notice requirement in D.C. CODE § 12-309 operates broadly as a six-month statute of limitations for any claim asserted against the District of Columbia. It provides that "an action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant . . . has given notice in writing . . ." D.C. CODE § 12-309. Prior to the most recent amendment, the WPA required compliance with the notice requirements of Section 12-309. The plaintiffs sent a letter to the District of Columbia dated December 23, 2008 notifying the District of their claims, which was received by the defendants on December 30, 2008. Defs.' Mem. Supp. Mot. Dismiss, ECF No. 3, at 30. Due to the plaintiffs' failure to provide the District with appropriate notice, the Court dismissed the plaintiffs' WPA claims arising from conduct prior to June 30, 2008, the date six months prior to the District's receipt of the plaintiffs' letter.

[4] On April 26, 2011, the Court granted plaintiffs' Motion to Reset the Scheduling Order Deadlines, ECF No. 35, and extended the discovery period from its original March 31, 2011 deadline to September 30, 2011. Minute Order dated April 26, 2010.

amendment to the WPA eliminated the requirement that plaintiffs comply with D.C. CODE § 12-309, which mandated that plaintiffs provide notice of claims to the District of Columbia within six months of their injury. In their motion for reconsideration, the plaintiffs contend that the amendment repealing the pre-suit notice requirement for WPA claims should be applied retroactively, and request the Court to modify its October 14, 2009 order, pursuant to Federal Rule of Civil Procedure 60(b), to allow the plaintiffs to revive their previously barred WPA claims. The Court discusses below whether the Whistleblower Protection Amendment Act's elimination of the pre-suit notice requirement alters procedural rules, and should apply to reinstate the plaintiffs' previously barred claims.

## I. STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b)(6), the court may amend a prior ruling if requested to do so by a party for "any [] reason that justifies relief." This rule "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."[5] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Given that the rule is "essentially boundless," it applies only in "extraordinary" situations and is to be "sparingly used." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950) and *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Rule 60(b)(6) "may not be used as a substitute for an appeal not taken" but may be

---

[5] Rule 60(b)(1) through (5) allow a party to seek relief from final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b).

3

used in "circumstances that essentially made the decision not to appeal an involuntary one." *Id.* at 1141. Although "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," *Agostini v. Felton*, 521 U.S. 203, 239 (1997) (commenting on plaintiff moving under Rule 60(b)(5) for relief from injunction twelve years after it was entered), "the Rule does not particularize the factors that justify relief, but . . . provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg*, 486 U.S. at 863-64 (internal quotation and citation omitted). Nonetheless, Rule 60(b)(6) includes a requirement that the motion "be made within a reasonable time." FED. R. CIV. P. 60(c). The D.C. Circuit "has not identified a standard for assessing 'reasonable time' under Rule 60(b) . . . [but] has [] considered prejudice to the non-moving party." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1118 (D.C. Cir. 2011). In long-running cases, where the non-moving party has not demonstrated that it would be prejudiced, it would "be an abuse of discretion to rule that a Rule 60(b)(6) motion is not filed within a reasonable time." *Id.* at 1119.

## II. DISCUSSION

The plaintiffs urge the Court to reconsider dismissal of the plaintiffs' WPA claims that arose before June 30, 2008 because the Whistleblower Protection Amendment Act of 2009 no longer requires litigants asserting claims under the WPA to provide pre-suit notice of their claims to the District of Columbia and this amendment should apply retroactively. As a general matter, laws are not applied retroactively and "the presumption against retroactive legislation is deeply rooted in our jurisprudence." *Landgraf v. USI Film Products,* 511 U.S. 244, 265 (1994). Courts, however, have drawn a distinction between laws that affect substantive rights and laws that change procedural rules. *Id.* at 275; *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 878-79 (D.C.

Cir. 1993). Laws that affect substantive rights are presumed to operate only prospectively, but for "statutes that affect prospective relief, change procedural rules, or confer or oust jurisdiction, retroactive application is proper." *Lee v. Reno,* 15 F. Supp. 2d 26, 44 (D.D.C. 1998) (citing *Landgraf,* 511 U.S. 273-75); *Lacek v. Washington Hosp. Ctr. Corp.*, 978 A.2d 1194, 1197 (D.C. 2009) ("[L]aws which provide for changes in procedure may properly be applied to conduct which predate their enactment." (quotation and citation omitted)). As the Supreme Court noted, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity" because there are "diminished reliance interests in matters of procedure." *Landgraf*, 511 U.S. at 275.

To determine whether a law is procedural, the Court must assess "whether the new provision attaches new legal consequences to events completed before its enactment." *Id. at* 269-270; *see also id.* at 280 ("the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."). Procedural laws generally only "relate to the modes of procedure or confirm or clarify existing rights." *See Davis v. District of Columbia*, No. 2005-CA-8772-B, slip op. at 4-5 (D.C. Super. Ct. Nov. 23, 2010) (quoting *Edwards v. Lateef,* 558 A.2d 1144, 1146-47 (D.C. 1989)). Unless contrary legislative intent appears, "[w]here a statute deals only with procedure, prima facie it applies to all actions -- to those which have accrued or are pending, and to future actions." *Moore*, 994 F.2d at 879 (quoting NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 41.04, at 349 (4th ed. 1986)); *see also* SINGER AND SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 41.4 (7th ed. 2009) ("Courts presume that procedural statutes apply retroactively.").

5

To ascertain whether elimination of the pre-suit notice requirement of the Whistleblower Protection Amendment Act is procedural, and may thus be applied retroactively to reinstate the plaintiffs' pre-June 30, 2008 WPA claims, the Court must assess whether the provision affects substantive rights and "attaches new legal consequences" to completed conduct. *See Landgraf*, 511 U.S. at 269-270. The Court concludes that it does not. The only change resulting from the elimination of the pre-suit notice requirement is that it authorizes plaintiffs to assert WPA claims against the District of Columbia without prior notice within six months of their injury. The amendment does not affect the substantive rights of the parties, nor does it alter the legal obligations of the defendants, who still must refrain from retaliating against whistleblowers.

The defendants argue that a notice of claim requirement is not procedural because retroactive application of the law would have substantive consequences, and cites for that proposition *Bank of America, N.A. v. Griffin*, 2 A.3d 1070 (D.C. 2010). In that case, however, the court considered retroactive application of a *lis pendens* statute regarding real property, which, according to the court, "upended the common-law rule regarding rights of priority in the District of Columbia." *Id*. at 1071. That case is not analogous to the present situation. The elimination of the pre-suit notice requirement for WPA claims does not affect property rights or have consequences for other substantive rights. *Cf. Landgraf*, 511 U.S. at 271. ("The largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights."). The statute merely removes a procedural hurdle to assertion of WPA claims that previously applied. *See Winder v. Erste*, No. 03-cv-2623, slip op. at 4 (D.D.C. Mar. 7, 2011) (Bates, J.) ("Notice of claim requirements are plainly procedural and not substantive in nature.").

Further, the legislative history of the Whistleblower Protection Amendment Act supports

6

the conclusion that the elimination of the pre-suit notice requirement for WPA claims is, and was intended to be, a procedural change. The 2009 D.C. Council Committee Report on the Act identified the notice of claim requirement as among the "procedural barriers to recovery." COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON GOVERNMENT OPERATIONS AND THE ENVIRONMENT, RE: BILL 18-233, THE WHISTLEBLOWER PROTECTION AMENDMENT ACT OF 2009 (NOV. 19, 2009) (hereinafter "2009 Council Report"), at 6. Specifically, the D.C. Council noted that "[b]eyond the substantive changes . . . the Committee recommends that the procedures be amended . . . ." *Id.* This included amending the WPA to "explicitly waive[] the notice provision, such that § 12-309 does not preempt claims against the District." *Id.* at 7. The D.C. Council report indicates not only that the Council believed it was enacting a procedural change to the WPA, but also indicates that the Council enacted this provision to ensure that WPA claims were not unnecessarily barred by technical requirements.

The defendants contend, however, that elimination of the pre-suit notice requirement should not apply retroactively because compliance with the notice requirement was a "condition precedent to the District's waiver of sovereign immunity," Defs.' Opp'n Pls.' Amended Mot. for Relief, ECF No. 31, at 2-3, and waivers of sovereign immunity must be "unequivocally expressed." *United States v. King,* 395 U.S. 1, 4 (1969); *Floyd v. District of Columbia*, 129 F.3d 152, 156 (D.C. Cir. 1997). The defendants are correct that waivers of sovereign immunity must be clearly expressed, but the District waived such immunity when it first enacted the WPA in 1998, allowing aggrieved District employees to file civil actions and seek relief and damages under a new WPA cause of action. D.C. CODE § 1-615.54(a). The 2010 elimination of the pre-suit notice requirement for WPA claims does not enlarge the scope of this cause of action, alter the District's responsibilities, or increase the District's liability under the WPA. *Cf. Brown v.*

7

*Sec'y of the Army*, 78 F.3d 645, 654 (D.C. Cir. 1996) (refusing to retroactively apply award of interest on attorney's fees because to do so "would be to impose upon the United States a liability to which it has not explicitly consented."); *Nichols v. Pierce*, 740 F.2d 1249, 1255-56 (D.C. Cir. 1984) (same).

The Court therefore concludes that the elimination of the pre-suit notice provision in the Whistleblower Protection Amendment Act is a procedural change, which must therefore be applied to pending actions and claims. This conclusion is supported by another court in this District and two D.C. Superior Court rulings, which considered the precise question currently before the Court and held that the elimination of the pre-suit notice requirement for WPA claims should be applied retroactively. *Winder v. Erste*, No. 03-cv-2623, slip op. (D.D.C. Mar. 7, 2011) (Bates, J.); *Davis v. District of Columbia*, No. 2005-CA-8772-B, slip op. (D.C. Super. Ct. Nov. 23, 2010) (Edelman, J.); *Cusick v. District of Columbia*, No. 2008-CA-6915-B, slip op. (D.C. Super. Ct. Aug. 17, 2010) (Braman, J.).

Accordingly, the Court modifies its prior Order pursuant to Federal Rule of Civil Procedure 60(b)(6), and reinstates the plaintiffs' WPA claims that predated June 30, 2008. Although Rule 60(b)(6) should rarely be used to reconsider prior rulings based on intervening changes in law, the Court believes that reinstatement of the plaintiffs' previously barred claims is necessary to accomplish justice, particularly given that the plaintiffs' remaining WPA claims are still pending, the parties have yet to conclude discovery, and the D.C. Council has indicated that elimination of the pre-suit notice requirement for WPA claims was intended to facilitate such claims. *See* 2009 Council Report, at 7 ("the proposed legislation also explicitly waives the notice provision, such that § 12-309 does not preempt claims against the District."). Moreover, although over thirteen months have passed since the Whistleblower Protection Amendment Act

became effective, the Court concludes that the plaintiffs' Rule 60(b)(6) motion was brought within a reasonable time since the parties are still in discovery and the defendants have not claimed that they are prejudiced by reinstatement of the plaintiffs' claims. *See Salazar*, 633 F.3d at 1119 (in long-running and complex cases "it would be an abuse of discretion to rule that a Rule 60(b)(6) motion is not filed within a reasonable time without finding that the movant's delay has prejudiced the non-moving party.").

## III. CONCLUSION

For the reasons stated above, the plaintiffs' Amended Motion for Relief is GRANTED; and the plaintiffs' claims brought pursuant to the D.C. Whistleblower Protection Act arising from conduct predating June 30, 2008 are hereby reinstated. An Order consistent with this Memorandum Opinion will be entered.

**DATED: April 29, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge